## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

PATRICK A. WILLIAMS,                    )
                                       )
                    Plaintiff,          )
                                       )
v.                                      )        Case No.:  09-4105-RDR
                                       )
The GOODYEAR TIRE AND                   )
 RUBBER COMPANY,                        )
                                       )
                    Defendant.          )

## COMPLAINT

The Plaintiff, Patrick A Williams ("Plaintiff" or "Williams"), and for his cause of action against the Defendant, The Goodyear Tire and Rubber Company ("Defendant" or "Goodyear"), alleges and states as follows:

### PARTIES

1.      Plaintiff is a citizen of the United States and at all times relevant hereto a resident of the State of Kansas.

2.      Defendant Goodyear is a corporation authorized to and conducting business in the State of Kansas.  Goodyear may be served with summons by serving its resident agent the Corporation Service Company at 200 SW 30th Street, Topeka, KS 66611.

### JURISDICTION AND VENUE

3.      Jurisdiction of this Court exists pursuant to 28 USC §§1331. Plaintiff's cause of action arises under 42 U.S.C.A. §§ 12101 et seq., the Americans With Disabilities Act (the "ADA"). On November 18, 2008 Plaintiff filed a charge of

discrimination alleging that he was terminated from his employment with Defendant in violation of the ADA. On May 22, 2009 the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue. This action has been filed within ninety (90) days of the issuance of the Notice of Right to Sue.

4.     Venue is proper in this Court pursuant to 28 USC §1391(a) as all of the incidents and events giving rise to the claim set forth herein occurred within this judicial district.

## BACKGROUND FACTS

5.     Plaintiff began his employment with the Defendant on or about July 7, 2008 and was, prior to his termination, an employee of Defendant for purposes of the ADA.

6.     Defendant operates a manufacturing facility located in Shawnee County, Kansas. The Defendant is an "employer" and a "covered entity" for purposes of the ADA.

7.     On or about July 10, 2008, Plaintiff was terminated from his employment with Defendant.

8.     Plaintiff was hired for a position in Bradberry Relief Clean-up, a position for which he was qualified.

9.     Prior to being hired by Defendant, Plaintiff was required to take a physical examination, during which Plaintiff disclosed he had previously suffered injuries to his head and knee.

10.     Plaintiff passed the physical examination and was cleared to begin work for Defendant.  Notwithstanding, Plaintiff was subsequently questioned by an employee

in the Defendant's Human Resources Department about details of his previous head injury and any remaining symptoms from that injury.

11.     Plaintiff was directed by an employee of Defendant's Human Resources Department to obtain documentation regarding his prior head injury and supply that documentation to Defendant by July 15, 2008.  Plaintiff agreed to do so.

12.     On July 10, 2008, prior to Plaintiff supplying documentation regarding his prior head injury to the Defendant, Plaintiff was fired.

13.     An employee of Defendant told Plaintiff he was being terminated because Plaintiff had falsified his job application, which was not true and was not the true reason Plaintiff was terminated.

14.     Plaintiff was terminated because the Defendant regarded Plaintiff as having a physical or mental impairment that substantially limited one or more of his major life activities, including working in a broad class of jobs.

15.     Defendant intentionally discriminated against Plaintiff in violation of the ADA by its discharge of him in that it discharged him because it regarded him as disabled and because he had a record of a disability.

16.     As a direct and proximate result of said intentional and discriminatory conduct, Plaintiff has lost wages and other benefits; his future earning capacity has been substantially impaired; he has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and he has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

17.     Defendants' discriminatory conduct exhibited a willful and/or reckless indifference to Plaintiff's federally protected right to be free from disability discrimination.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor as follows:

A.  For lost compensation and benefits in an amount in excess of $75,000.00;

B.  For reinstatement and/or front pay an amount in excess of $75,000.00;

C.  For punitive and compensatory damages in an amount in excess of $75,000.00;

D.  For attorneys' fees and costs;

E.  For pre and post judgment interest; and

F.  For such other relief as is just and equitable under the circumstances.


__/s/ Randall J. Forbes, _____
Randall J. Forbes                    #09089
FRIEDEN & FORBES
555 South Kansas Avenue, Suite 303
Topeka, Kansas 66603
TEL:   785/232-7266
FAX:  785/232-5841
ATTORNEY FOR PLAINTIFF

## **REQUEST FOR TRIAL BY JURY**

Plaintiff hereby requests trial by jury of all issues triable to a jury.


_/s/ Randall J. Forbes, _____
Randall J. Forbes                    #09089